UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher Lull and Autotek, Inc., | No. 2:20-cv-1645-KJM-CKD |
| Plaintiffs, | ORDER |
| v. | |
| County of Sacramento, et al., | |
| Defendants. | |

This action is the third of four related cases brought by plaintiffs Christopher Lull and Autotek in this court, the first of which is closed: (1) *Lull v. County of Sacramento*, No. 16-cv-01093 (E.D. Cal filed May 20, 2016 closed July 20, 2020) ("*Lull I*"); (2) *Lull v. County of Sacramento*, No. 20-cv-00165 (E.D. Cal. filed Jan. 22, 2020) ("*Lull II*"); (3) *Lull v. County of Sacramento*, No. 20-cv-1645 (E.D. Cal. filed Aug. 17, 2020) ("*Lull III*"); and (4) *Lull v. County of Sacramento*, No. 20-cv-1646 (E.D. Cal. filed Aug. 17, 2020) ("*Lull IV*"). Defendants County of Sacramento and its individual officers, Lori Moss, Leighann Moffitt, Brian Washko, Robin Rasmussen, Bob Ivie, Scott Purvis, Wayne Eastman, June Powells-Mays, Tammy Derby, Paul Munoz, Robert Logsdon and Ben Green, move to dismiss, *see* Mot. Dismiss, ECF No. 7, and for

1

sanctions, *see* Mot. Sanctions, ECF No. 16.  The court submitted the motions on the briefs without oral argument.  For the following reasons, the court **grants** both motions.

I.    BACKGROUND

Lull is the owner and operator of Autotek, a smog check and automotive repair station in Antelope, California.  Compl. ¶¶ 1–2, ECF No. 1.[1]  The complaint in this case, *Lull III*, includes largely the same allegations as plaintiff's second amended complaint in *Lull I*, which the court reviewed in its orders granting partial motions to dismiss and granting summary judgment in that case.  *See Lull I* Order (July 25, 2017), ECF No. 31; *Lull I* Order (February 13, 2018), ECF No. 57; *Lull I* Order (July 20, 2020), ECF No. 90; *Lull I* Second Am. Complaint ("SAC") ¶¶ 40–102, ECF No. 35.  In short, plaintiffs' claims center on the County's regulation of Lull's commercial property.  *See* Compl. ¶¶ 1–2, 10–30; *Lull I* Order (July 25, 2017) at 2.  Plaintiffs allege the County repeatedly violated state and federal law by denying permits, issuing punitive sanctions, redeeming plaintiffs' bond, clouding plaintiffs' real property title, denying adequate notice or opportunity to be heard, disconnecting electrical service using "threats of violence, restraint, intimidation, and coercion," and causing "serious psychological and emotional distress." Compl. ¶¶ 10–30, 36.  Plaintiffs seek punitive damages, damages for financial harm suffered, attorney's fees, and injunctive relief.  *See id.* ¶¶ 39, 56.

A.    Lull I

Plaintiffs filed their first case in 2016, alleging eleven claims against thirteen County defendants and various County agencies.  *See generally Lull I* Compl., ECF No. 1.  Plaintiffs amended that complaint as of right to bring five of the six claims appearing in the operative complaint in this case.  *Compare Lull I* First. Am. Compl. ¶¶ 131–159 (procedural due process), ¶¶ 160–178 (substantive due process), ¶¶ 179–196 (unreasonable search and seizure), ¶¶ 252–258 (intentional infliction of emotional distress), ¶¶ 259–261 (negligent infliction of emotional distress), ECF No. 6, *with* Compl. ¶¶ 31–39 (procedural due process), ¶¶ 40–43 (substantive due

---

[1] Any reference to "Compl." in this order refers to the complaint filed in this case.  The court will use descriptions such as *Lull I* when referencing complaints in any of the other related cases.

2

process), ¶¶ 44–47 (unreasonable seizure), ¶¶ 48–49 (negligent infliction of emotional distress), ¶¶ 50–56 (intentional infliction of emotional distress), ¶¶ 57–59 (California Bane Act). Following motion practice in the first case, this court granted defendants' motions to dismiss the two emotional distress claims and abstained from hearing plaintiffs' procedural due process, substantive due process and unreasonable search and seizure claims under the *Pullman* doctrine.[2] *See Lull I* Order (July 25, 2017) at 9–13, 16–17. At the time, plaintiffs had brought four pending state actions that significantly overlapped with the substance of his federal allegations. *Id.* at 8.

In plaintiffs' second amended complaint, they alleged many of the same facts. *See generally Lull I* SAC. They did not replead the claims this court abstained from hearing but renewed the claims for intentional and negligent infliction of emotional distress and added a California Bane Act claim. *Id.* ¶¶ 149–151 (California Bane Act), ¶¶ 152–56 (intentional infliction of emotional distress), ¶¶ 157–159 (negligent infliction of emotional distress), as well as a few other claims not relevant to this order. Plaintiffs then stipulated to dismissal of the Bane Act claim without prejudice as both parties agreed it was "outside the scope of the leave to amend granted." Stip., ECF No. 40. Defendants then filed a second motion to dismiss, which the court granted in part, leaving only a retaliation claim against the County defendants and a due process claim against an entity that is not a party to this action. *See Lull I* Order (February 13, 2018) at 15. The court dismissed without leave to amend plaintiffs' tort claims for emotional distress. *Id.* at 10–11.

After discovery, the court granted defendants' motion for summary judgment and denied plaintiffs' motion to file a third amended complaint. *See Lull I* Order (July 20, 2020) at 40–41.

---

[2] *Pullman* abstention, deriving from *R.R. Comm'n v. Pullman Co.,* 312 U.S. 496 (1941), permits federal courts to abstain in "cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." *Allegheny Cnty. v. Frank Mashuda Co.*, 360 U.S. 185, 189 (1959) (citation omitted). The Ninth Circuit sanctions *Pullman* abstention only when (1) a complaint "touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open," (2) "such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy," and (3) "the possibly determinative issue of state law is doubtful." *Canton v. Spokane Sch. Dist. No. 81*, 498 F.2d 840, 845 (9th Cir. 1974), *overruled on other grounds as recognized by Heath v. Cleary*, 708 F.2d 1376, 1378 n.2 (9th Cir. 1983).

In the intervening years before the court issued this dispositive order, the four state matters had been resolved in Sacramento County Superior Court: one was decided in the County's favor, *Autotek Inc. v. Cnty. of Sacramento Dep't of Cmty. Dev. Code Enf. Div.*, No. 34-2015-00177665 (Cal. Super. Ct. Sacramento Cnty. filed Apr. 9, 2015); one was dismissed for lack of jurisdiction, *Autotek Inc. v. Cnty. of Sacramento*, No. 34-2015-00182775 (Cal. Super. Ct. Sacramento Cnty. filed Aug. 10, 2015); and plaintiffs voluntarily dismissed the other two, *Lull v. Cnty. of Sacramento Dep't of Cmty. Dev.*, No. 34-2015-80002172 (Cal. Super. Ct. Sacramento Cnty. filed Aug. 26, 2015) and *Autotek Inc v. County of Sacramento*, No. 34-2015-80002233 (Cal. Super. Ct. Sacramento Cnty. filed Nov. 6, 2015).[3] *Id.* at 39.

Shortly following the court's entry of judgment, plaintiffs moved under Rule 59 to amend the judgment in *Lull I*, filed a notice of appeal, and then filed the complaint in the instant case, *Lull III*. *See* Mot. Am. J., ECF No. 94; Notice of Appeal, ECF No. 95; *see generally Lull III*, Compl. The Ninth Circuit held the appellate proceedings in abeyance pending resolution of the Rule 59 motion. *See* Order (9th Cir. August 26, 2020), ECF No. 99. In January 2021, the court denied plaintiffs' motion to amend the judgment in *Lull I*. *See Lull I*, Order (January 4, 2021), ECF No. 107.[4]

### B.  *Lull III* – Instant Action

In this action, plaintiffs assert three federal claims under 42 U.S.C. § 1983, alleging violations of plaintiffs' rights to procedural due process, substantive due process and unreasonable seizure. Compl. ¶¶ 31–47. Plaintiffs also bring common law tort claims for

---

[3] The court takes judicial notice of Sacramento County Superior Court records for the four state cases prompting its abstention, as it did in *Lull I*. *See Harris v. Cty. of Orange,* 682 F.3d 1126, 1132 (9th Cir. 2012) (holding court "may take judicial notice of undisputed matters of public record, . . . including documents on file in federal or state courts." (citations omitted)).

[4] A review of the Ninth Circuit docket reflects once this court denied plaintiffs' motion to amend the judgment, the Ninth Circuit lifted the stay of appellate proceedings. From a review of the docket, it appears the appellate briefing is completed with the possibility of oral argument pending. *Christopher Lull, et al. v. County of Sacramento, et al.*, No. 20-16599 (9th Cir. filed August 20, 2020).

negligent and intentional infliction of emotional distress, and they assert a state law claim under the California Bane Act. *Id.* ¶¶ 48–59; *see* Cal. Civ. Code § 52.1(c). Mr. Lull originally brought these claims *in pro per,* but attorney Cris Vaughan later appeared on his behalf. Order (October 23, 2020), ECF No. 10.

The County moves to dismiss all of the claims as precluded under Federal Rule of Civil Procedure 12(b)(6), among other reasons, and moves for sanctions under Federal Rule of Civil Procedure 11. MTD, ECF No. 7; Mot. for Sanctions, ECF No. 16. The parties fully briefed the motions and the court submitted them without oral argument. MTD Opp'n, ECF No. 8; Sanctions Opp'n, ECF No. 19; MTD Reply, ECF No. 20; Reply Sanctions, ECF No. 21; Min. Order (Jan. 26, 2021), ECF No. 17.

**II.     MOTION TO DISMISS**

    **A.     Legal Standards**

        **1.     Dismissal**

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations elements do not alone suffice. *Id.* at

681 (quoting *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

### 2. Claim Preclusion

"The preclusive effect of a federal-court judgment is determined by federal common law." *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). Federal courts have adopted the doctrine of claim preclusion. Under that doctrine, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (internal citation omitted). By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," this doctrine protects against "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–54 (1979).

The doctrine of claim preclusion has three elements: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

To decide whether claims share an identity, courts apply four criteria: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011). The "central criterion" is "'whether the two suits arise out of the same transactional nucleus of facts.'" *Henao v. Hilton Resorts Corps.*, No. 17-00476, 2018 WL 846908, at *6 (D. Haw. Feb. 13, 2018) (quoting *Frank v. United Airlines*, 216 F.3d 845, 850 (9th Cir. 2000)). Accordingly, claim preclusion bars "all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the

same parties . . . on the same cause of action . . . ." *Ross v. IBEW*, 634 F2d 453, 457 (9th Cir. 1980).

### B. Discussion

Defendants argue plaintiffs' federal claims derive from the same facts underlying *Lull I*, namely the "denial of building permits and disconnection of electrical utilities in December 2014." Mem. P. & A. at 4, ECF No. 7-1. Plaintiffs concede this point, and the record supports this conclusion. Sanctions Opp'n at 5. Defendants also argue as a result that the judgment in *Lull I* bars plaintiffs' federal claims. Mem. P. & A. at 4. Plaintiffs disagree, arguing the court's decision to abstain from hearing plaintiffs' procedural due process, substantive due process, and reasonable seizure claims means the federal claims are not barred by res judicata. Opp'n MTD at 3–4. Plaintiffs offer no rebuttal explaining how the state law tort claims are not barred by res judicata. *See* Opp'n MTD at 5 (discussing the timeliness of the state law tort claim but not explaining why it is not barred by res judicata). The court thus analyzes whether claim preclusion is satisfied.

### 1. Identity of Claims

The complaint in this action reasserts the facts of *Lull I* using different paragraph numbers and providing slightly less details about sanctions and permits. *Compare* Compl. ¶¶ 10–25, 27–28; *with* SAC I ¶¶ 46, 50–51, 57, 60, 63, 68–69, 72, 74, 78, 82, 84–85, 89–90, 92–93, 95, 99. Plaintiffs assert the same legal claims and seek relief for the same injuries: deprivation of procedural due process, *cf.* Compl. ¶¶ 31–39 *with Lull I,* FAC ¶¶ 47–49; deprivation of substantive due process, *cf.* Compl. ¶¶ 40–43 *with Lull I,* FAC ¶¶ 33–41; unreasonable seizure, *cf.* Compl. ¶¶ 44–47 *with Lull I,* FAC ¶¶ 53–55, negligent infliction of emotional distress, *cf.* Compl. ¶¶ 48–49 *with Lull I,* SAC ¶¶ 157–59; intentional infliction of emotional distress, *cf.* Compl. ¶¶ 50–56 *with Lull I* SAC 152–56; and violation of the Bane Act, *cf.* Compl. ¶¶ 57–59 *with Lull I,* SAC ¶¶ 149–151. The claims in each action are thus identical.

**2.      Final Judgment on the Merits**

This court's orders in *Lull I* finally adjudicated the plaintiffs' federal and emotional distress tort claims on their merits for the following reasons. First, the court denied plaintiffs' motion to amend the complaint in that case to "incorporate claims the court abstained from hearing earlier under the *Pullman* abstention doctrine," namely the procedural due process, substantive due process, and unreasonable seizure claim. *Lull I* Order (July 25, 2017) at 13; *Lull I* Order (July 20, 2020) at 39. A court's denial of leave to amend in an order resolving a motion granting summary judgment bars a plaintiff from reasserting the same claims in a later action. *See Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985, 988 (9th Cir. 2005); *Adams v. California Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008) (fact that "plaintiff was denied leave to amend does not give her the right to file a second lawsuit based on the same facts.") (quotation marks and citation omitted). Second, the court dismissed the plaintiffs' claims of intentional and negligent infliction of emotional distress with prejudice. *Lull I* Order (Feb. 13, 2018) at 11. "[D]ismissal with prejudice is a determination on the merits." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 962 (9th Cir. 2006).

Plaintiffs do not dispute that the judgment in *Lull I* was final. Nor do they dispute that the dismissal of their emotional distress claims adjudicated those claims on their merits. They argue only that their first three claims were not adjudicated on the merits because the court abstained from hearing those claims under the *Pullman* doctrine. *See* Opp'n MTD at 4. This argument rests on a faulty premise. The defendants do not contend this court's abstention had a preclusive effect. The plaintiffs' first three claims are precluded because the state court litigation that prompted this court to abstain in the first instance ultimately was resolved in a manner adverse to plaintiffs, so any amendment would have been futile. *See* MSJ Order at 39. This court's decision to deny leave to amend was final and on the merits, so the judgment in *Lull I* is preclusive with respect to all claims but the Bane Act claim if the other elements of claim preclusion are satisfied. They are, as discussed below.

The Bane Act claim was not adjudicated finally. The parties stipulated to its dismissal without prejudice. Stip. at 2. "Dismissal without prejudice . . . does not operate as an adjudication upon the merits, and thus does not have a res judicata effect." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (internal quotation marks and citations removed) (using "res judicata" instead of the term "claim preclusion"); *see also McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("A prior petition that has been dismissed without prejudice . . . leaves open the possibility for future litigation and has not, therefore, been adjudicated on the merits."). This one claim is not precluded.[5]

### 3. Privity Between Parties

"The final element of res judicata is privity between the parties." *Tahoe-Sierra Preservation Council, Inc.*, 322 F.3d at 1082 (using the term "res judicata" instead of claim preclusion). The parties do not dispute that both lawsuits, *Lull I* and this one, involve the same parties. Sanctions Opp'n at 6; MTD at 4. Plaintiffs Lull and Autotek and defendants County and its officers all were parties in the *Lull I* action. *See* SAC at 2; *Lull I* Order (July 20, 2020) at 2 n.1. When parties in the two cases are identical, privity is satisfied. *Tahoe-Sierra Preservation Council, Inc.*, 322 F.3d at 1081 ("several parties in both actions are identical, and therefore quite obviously in privity.").

### C. Conclusion

Because all three elements of claim preclusion are satisfied for the federal claims and the emotional distress claims, those claims are barred and must be dismissed. Only the Bane Act claim remains. The parties are not diverse, so the court could adjudicate this claim only by exercising supplemental jurisdiction under 28 U.S.C. § 1367. "[I]n the usual case in which all

---

[5] The court notes dicta in at least one Ninth Circuit case suggests when a plaintiff's claim is dismissed without prejudice, but arises under the same transaction as other claims which were decided finally and on the merits, the claim may be precluded. *Mpoyo,* 430 F.3d at 988 ("the remainder of the claims, which arise out of the same transaction, were decided on the merits when they were dismissed [without prejudice] on summary judgment."). The Ninth Circuit does not reach this question formally in *Mpoyo,* however. Regardless, as discussed below, plaintiffs' California Bane Act claim does not survive as the court declines to exercise supplemental jurisdiction over it.

federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 364 n.7 (1988). That is true here. The federal claims have been dismissed, little else has occurred in this action, and the plaintiffs' allegations are better litigated in state court given their local character. The complaint is thus dismissed in full.

Plaintiffs request leave to amend. Opp'n at 5–6. Courts "freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court may deny leave to amend when an amendment would be futile. *Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013). Because plaintiffs' federal and emotional distress claims are precluded, an amendment would be futile with respect to those claims. *See Aquino v. California Reconveyance Co.*, No. 14-01818, 2014 WL 5494446, at *5 (N.D. Cal. Oct. 30, 2014) (denying leave to amend when all claims were precluded).

### III.   SANCTIONS

The County moves for sanctions under Federal Rule of Civil Procedure 11, arguing Lull and his counsel knew this lawsuit was barred by *Lull I*. Mem. P. & A. at 5, 8–10. Rule 11 sanctions are an extraordinary remedy and are "reserve[d] . . . for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs Pens. Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988). "[T]he central purpose of [Rule 11] is to deter baseless filings in district court [to] . . . streamline the administration and procedure of federal courts." *Cooter & Gell*, 496 U.S. at 393 (citing Advisory Committee Note on Rule 11, 28 U.S.C. App., p. 576). Before imposing sanctions based on the filing of a complaint, a court must consider (1) whether the complaint is "legally or factually 'baseless' from an objective perspective," and (2) whether the attorney conducted "'a reasonable and competent inquiry' before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting *Buster v. Greisen*, 104 F.3d 1186,

1190 (9th Cir. 1997)). Lawsuits barred by claim preclusion are frivolous if a reasonable and competent inquiry would have led to this conclusion. *See Buster*, 104 F.3d at 1190.

The County argues plaintiffs' arguments are frivolous, harassing, and improper because the lawsuit is barred by res judicata,[6] thus warranting monetary sanctions equal to defendants' costs of responding to the suit. Mot. Sanctions at 7–9. Plaintiffs argue the complaint was filed based on Lull's good faith belief he "had reserved the federal issue based upon the application of the *Pullman* abstention doctrine." Sanctions Opp'n at 6. In an affidavit, plaintiffs' attorney states he was unaware of the complaint when it was originally filed by Lull as a pro se plaintiff. Att'y Cris Vaughan Decl. ¶ 2, ECF No. 19-1. Lull explains in his own affidavit his lay research suggested this court's decision to abstain from hearing some of his claims meant his complaint was not precluded by res judicata. Christopher Lull Affidavit ¶ 5, ECF No. 19-2. Neither Lull nor Vaughan explain how plaintiffs' emotional distress claims obviously were not precluded, and neither provides a satisfactory answer to the question the court resolves here. Vaughan also does not state he reviewed the complaint closely in light of the record to determine whether it contained any flaws that should be brought to the court's attention. *See* Att'y Cris Vaughan Decl. ¶¶ 3–4 (remarking only he prepared the opposition to the motion to dismiss when Mr. Lull asked him to do so).

The defendants request $8,520 to defray costs in responding to the complaint and opposition. Mem. P & A at 10. This number is based on the hours attorney Wendy Motooka avers she spent responding to the complaint and researching and drafting the motion for sanctions. Att'y Wendy Motooka Decl. ¶¶ 13–14, ECF No. 16-2. The number also reflects Ms. Motooka's estimation of additional hours needed to respond to plaintiffs' oppositions, oral argument on the motion for sanction, and joint status reports. *Id.* ¶¶ 15–18. This estimation does not support an award, in that respect, as the court did not end up holding oral argument. The defendants instead are directed to file within fourteen days a declaration with itemized amounts

---

[6] While defendants use the term "res judicata," the applicable doctrine here is best understood as claim preclusion. *See In re Associated Vintage Grp., Inc.*, 283 B.R. 549, 555 & n.2 (B.A.P. 9th Cir. 2002) (discussing evolution of vocabulary).

11

based on the time actually incurred with respect to this motion. Plaintiffs may respond within fourteen days after the defense declaration is filed, and then the matter of fees as sanctions will be submitted.

### IV.  CONCLUSION

The court **grants** the County's motion to dismiss in full and also **grants** the motion for sanctions, with the amount of sanctions to be determined once defendants file an updated itemization of actual expenses incurred. The defendants have 14 days from the date of this order to file an itemized bill and plaintiffs have 14 days thereafter to file a response.

This order resolves ECF Nos. 7 and 16.

IT IS SO ORDERED.

DATED: October 29, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE