UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher Lull and Autotek, Inc., | No. 2:20-cv-01645-KJM-CKD |
| Plaintiffs, | ORDER |
| v. | |
| County of Sacramento, et al., | |
| Defendants. | |

In a previous order, this court concluded that the plaintiffs and their counsel had violated Rule 11 by filing and maintaining this action despite the unfavorable resolution of a previous action involving identical claims. *See generally* Prev. Order, ECF No. 29. The court declined the defendants' request for fees of $8,520 "to defray costs in responding to the complaint and opposition." *Id.* at 11; *see also* Matooka Decl. ¶ 18, ECF No. 16-2. That figure included estimates of future costs, some of which the defendants would certainly not incur. *See* Prev. Order at 11–12 (citing Matooka Decl. ¶¶ 15–18). The court directed the defendants to file a declaration with itemized entries for time actually incurred and permitted the plaintiffs to respond. *Id.* at 12.

The defense has now filed its declaration, and the plaintiff has responded. *See generally* Suppl. Mitooka Decl., ECF No. 30; Resp., ECF No. 32. The defendants' declaration does not itemize costs actually incurred responding to the complaint and moving to dismiss. Counsel

1

1    states only in summary that she "expended a total of 53.6 hours . . . in defending against this . . .
2    action through October 31, 2021," resulting in total defense costs of $10,860 given counsel's
3    $200 hourly rate.  Suppl. Mitooka Decl. ¶¶ 5–6, ECF No. 30.  Because counsel did not submit
4    itemized records as directed, the court cannot conclude that the total includes only "reasonable"
5    fees resulting "directly from the violation."  *See* Fed. R. Civ. P. 11(c)(4) ("A sanction imposed
6    under this rule . . . may include . . . , if imposed on motion and warranted for effective deterrence,
7    an order directing payment to the movant of part or all of the reasonable attorney's fees and other
8    expenses directly resulting from the violation.").  The court therefore imposes a sanction of
9    $5,000.  That sum represents the court's determination that counsel's proposed hourly rate of
10   $200 is reasonable and that the defendants could reasonably have spent (a) ten hours preparing
11   their motion to dismiss, (b) ten hours reviewing the plaintiffs' opposition and preparing a reply,
12   and (c) five hours on other tasks necessary to a successful defense, such as reviewing the
13   complaint, consulting with the client, and meeting and conferring with opposing counsel.[1]  The
14   court also finds a sanction of $5,000 is necessary to "deter repetition of the conduct or
15   comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).

16       Although counsel's declaration does not include an itemization of the hours counsel spent
17   responding to the complaint and moving to dismiss, it does include an itemization of hours
18   counsel spent pursuing sanctions.  *See id.* ¶ 7.  Although Rule 11 "allows a federal district court
19   to include the costs associated with sanctions proceedings," *Margolis v. Ryan*, 140 F.3d 850, 854
20   (9th Cir. 1998), the court declines to impose a sanction of that type in this case.  The court cannot
21   find on this record that the plaintiffs' efforts to oppose the request for sanctions were frivolous or
22   unreasonable.

23       **No later than thirty days from the date of this order**, plaintiffs[2] and their counsel are
24   **directed to pay defendants $5,000** as a sanction under Federal Rule of Civil Procedure 11(c).

---

[1] To be clear, the court has not determined a larger fee would be unreasonable—only that a $5,000 fee would be reasonable if actually incurred and charged, given the absence of an itemization.

[2] The sanctions imposed in this order and the previous order are justified in part by Federal Rule of Civil Procedure 11(b)(2), which requires any "attorney or unrepresented party" to certify that the claims in a pleading "are warranted by existing law or by a nonfrivolous argument

1    IT IS SO ORDERED.

2    DATED: December 3, 2021.

3

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

for extending, modifying, or reversing existing law or for establishing new law." Rule 11(c)(5)(A) prohibits an award of monetary sanctions against a "represented party for violating Rule 11(b)(2)." That prohibition does not preclude an award of monetary sanctions against the plaintiffs directly in this case. The plaintiffs were not "represented" at the time they filed this action.